UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYBIL HOWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2959 |
| | ) | |
| UNITED STATES, David Soglin and | ) | Judge Moran |
| Vanugard Car Rental USA, Inc., d/b/a | ) | |
| National Car Rental, and Sherry L. Hedge and | ) | Formerly case No. 07 L 010269 |
| Vanguard Car Rental USA, Inc., d/b/a | ) | Circuit Court of Cook County, Illinois |
| National Car Rental | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION TO DISMISS

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On September 28, 2007, plaintiff Sybil Howell, commenced the above civil action against defendants Lonnie Boisseau, David Soglin, Sherry L. Hedge, and Vanguard Car Rental d/b/a National Car Rental, alleging negligence in connection with a motor vehicle accident. This accident occurred on October 4, 2005, while plaintiff Sybil Howell and defendants Lonnie Boisseau, David Soglin and Sherry Hedge were acting as temporary federal volunteers in response to Hurricane Rita. As stated more fully in the complaint, Ms. Howell was a passenger in a rental car being driven by defendant Lonnie Boisseau, which ultimately collided with another rental car being driven by defendant Sherry Hedge.

2. For purposes of this lawsuit, Lonnie Boisseau was acting within the scope of her employment as an employee of the United States at the time of the incidents out of which the claim

arose. By operation of 28 U.S.C. § 2679, Lonnie Boisseau is deemed to be an employee of the United States for purposes of the FTCA.

3. On May 21, 2008, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Lonnie Boisseau, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d).

4. First, the United States should be dismissed from this action for lack of subject matter jurisdiction because the exclusive avenue for Ms. Howell's claims is the Federal Employee's Compensation Act ("FECA"). 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . [or] spouse . . . because of the injury [.]").[1]

5. At the time of the incidents giving rise to this action, Sybil Howell was a temporary uncompensated federal employee acting within the scope of her federal employment; her injuries are therefore covered by FECA.

6. Indeed, this fact cannot be disputed, as the Secretary of Labor has already accepted her request for benefits under FECA. Exhibit A (November 8, 2005 Letter to Sybil Howell). FECA's exclusive liability provision vests all decision making authority with the Secretary of Labor and explicitly precludes review of her FECA coverage decisions by any court of law. 5 U.S.C. § 8128; *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) ("[T]he Secretary of Labor is vested with

---

[1] On a motion to dismiss for lack of subject matter jurisdiction, it is proper for a district court to look beyond the jurisdictional allegations of the complaint to determine whether in fact subject matter jurisdiction exists. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995); *see also Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993).

the power to "administer, and decide all questions arising under" the FECA and the Secretary's action in denying or granting compensation is final, conclusive and not subject to review by a court of law.").

7. Ms. Howell's claims against the United States are therefore barred because "[t]he liability imposed under FECA supplants all other liability on the part of the United States to an injured federal employee." *Ezekiel*, 66 F.3d at 898.

8. Accordingly, as a federal employee, Ms. Howell's sole remedy as to the United States is under FECA, and her claims must be dismissed for lack of subject matter jurisdiction.

9. In the alternative, Ms. Howell's claims against the United States should be dismissed for failure to exhaust administrative remedies. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

10. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

11. The complaint in this case does not allege that Ms. Howell ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that she has not filed an administrative tort claim with the Department. Exhibit B (Declaration of Richard G. Bergeron); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists). This action, therefore, must be dismissed on the grounds that Ms. Howell has failed to exhaust her administrative remedies.

WHEREFORE, this case should be dismissed as to the United States for lack of subject matter jurisdiction, or in the alternative, for failure to exhaust administrative remedies.[2] Once dismissed, the remainder of the case should be remanded to state court.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By:  s/ Amanda A. Berndt
            AMANDA A. BERNDT
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-1413
            Amanda.Berndt@usdoj.gov

---

[2] Whether the dismissal based on failure to exhaust administrative remedies is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.

CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**NOTICE OF MOTION**

**UNITED STATES' MOTION TO DISMISS**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on May 29, 2008, to the following non-ECF filers:

| | |
|---|---|
| Reibman, Hoffman, Baum, Hirsch & O'Toole, Ltd. <br> 20 North Clark Street <br> Suite 1700 <br> Chicago, IL 60602 | Seyfarth Shaw LLP <br> 131 South Dearborn Street <br> #2400 <br> Chicago, IL 60603 |

    s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-1413
Amanda.Berndt@usdoj.gov

# EXHIBIT A

File Number: 10 49286
CA-1008-D-ACU

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMP PROGRAMS
PO BOX 8300 DISTRICT 10 CHI
LONDON, KY 40742-8300
Phone: (312) 596-7157

November 8, 2005

Date of Injury: 10/04/2005
Employee: SYBIL S. HOWELL

SYBIL SYDELL HOWELL
1641 W 104TH STREET
CHICAGO, IL 60643

Dear Ms. HOWELL:

This is to notify you that your claim has been accepted for:

Diagnosed condition(s) and ICD-9 code(s): FRACTURE CARPAL BONE CLOSED, RIGHT, 8140; FRACTURE UPPER RADIUS/ULNA CLOSED, RIGHT, 8130

**Please advise all medical providers who are treating you for this injury of the accepted ICD-9 code(s). If this code needs to be revised, your doctor should explain in writing. Accurate coding facilitates timely bill processing.**

If your injury results in lost time from work, you may claim disability compensation using Form CA-7. Please refer to the attachment entitled "Now That Your Claim Has Been Accepted."

If you have not been released to full duty, have your treating physician provide a medical report that includes appropriate work restrictions and a statement as to when you will be released back to full duty without restrictions.

TO EMPLOYER: Information provided supports that the above-named employee is a Federal employee who sustained a disabling traumatic injury in the performance of duty. You should continue the employee's regular pay for the period of disability not to exceed 45 days.

Your challenge of the claim that the employee was a volunteer is noted, FEMA volunteers are covered under the FECA

**TO EMPLOYER: IF A FORM CA-7 CLAIMING COMPENSATION FOR WAGE LOSS IS FILED, YOU ARE REMINDED THAT 20 C.F.R. 10.111(c) REQUIRES SUBMISSION OF FORM CA-7 WITHIN 5 WORKING DAYS. PLEASE SEND A COPY OF THE POSITION DESCRIPTION (INCLUDING PHYSICAL REQUIREMENTS) FOR THE JOB HELD BY THE EMPLOYEE ON THE DATE OF INJURY.**

If you have any questions regarding your claim you may contact the Office at the above address. Automated information regarding compensation payments is available 24 hours per day by phoning 1-866-OWCP IVR (1-866-692-7487). All medical providers should call 1-866-335-8319 for any and all requests for authorization. For all inquiries regarding any and all bills, including claimant reimbursements, contact 1-866-335-8319 or online at http://owcp.dol.acs-inc.com. If you, your

File Number: 049286
CA-1008-D-ACC

doctor, or other providers require direct contact with a customer service representative you may call 1-850-558-1818 (THIS IS A TOLL CALL).

Sincerely,

Paula Spriggins
Claims Examiner

Enclosure: NOW THAT YOUR CLAIM HAS BEEN ACCEPTED

US DEPT OF HEALTH HUMAN SVCS
OFFICE OF THE SECRETARY
ROCKVILLE HR CENTER
8455 COLESVILLE ROAD SUITE 700
SILVER SPRING, MD 20910

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sybil Howell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 2959 |
| ) | |
| Lonnie Boisseau, David Soglin and ) | Judge Moran |
| Vanguard Car Rental, Inc. d/b/a ) | |
| National Care Rental; and Sherry ) | Formerly Case No. 07 L 010269 |
| Hedge and Vanguard Car Rental, ) | Circuit Court of Cook County, Illinois |
| Inc. d/b/a National Car Rental ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF
## RICHARD G. BERGERON

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to the United States Public Health Service.

3. As a consequence, if a tort claim had been filed with the Department with respect to the Secretary's Emergency Response Team (SERT) or temporary, uncompensated employees on the SERT, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Sybil Howell, or her authorized representative, relating to an automobile accident that took place on October 4, 2005, in or near Houston, Texas.

Declaration of Richard G. Bergeron
Page Two

    5. Official agency records further indicate that Lonnie Boisseau was a temporary uncompensated employee of the United State Public Health Service SERT appointed pursuant to 5 C.F.R. § 213.3102(i)(2) at all times relevant to the Plaintiff's cause of action.

    I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 16th day of May, 2008.

_____
RICHARD G. BERGERON
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services